*In re* BARNHOLT ESTATE.
RUSSELL *v.* ANN ARBOR TRUST COMPANY.

1. APPEAL AND ERROR—DISCRETION OF TRIAL COURT.

  The action of the trial court as to matters within its judicial discretion will not be disturbed unless there is clear abuse of its discretion.

2. ESTATES OF DECEDENTS—ADMINISTRATORS—ANCILLARY ADMINISTRATION—DISCRETION OF COURT.

  Order to transmit Michigan ancillary administration assets to a domiciliary administratrix in another State is discretionary.

3. SAME—ANCILLARY ADMINISTRATION ASSETS—DISTRIBUTION BY DOMICILIARY ADMINISTRATOR—DISCRETION OF COURT.

  Order to transmit cash assets of ancillary administration of estate in Michigan to domiciliary administratrix in another

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 772–775.
[2, 3] 31 Am Jur 2d, Executors and Administrators § 706 *et seq.*
  Remission of assets by ancillary administrator to domiciliary executor or administrator. 90 ALR 1043.

State for distribution in probate proceedings in that State *held,* not an abuse of discretion, where the record failed to establish that creditors of the domiciliary estate, administration expenses, and estate taxes for the estate were fully paid, and requiring Michigan probate court to make such determination would place an undue burden upon it.

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted Division 2 October 3, 1967, at Lansing. (Docket No. 3,156.) Decided March 19, 1968.

Petition in Washtenaw probate court by Walter J. Russell, receiver for Owen R. Anderson, son of deceased, for appointment of an ancillary administrator of the estate in Michigan of Dora E. Barnholt, who died a resident of Colorado, and for determination of the heirs-at-law of deceased. Ann Arbor Trust Company appointed ancillary administrator. Walter J. Russell petitioned for distribution of the distributive share of Owen R. Anderson to himself as receiver. Marjorie A. Sylvia petitioned for funds to be distributed to herself as domiciliary administratrix for distribution under Colorado law. Probate court ordered that ancillary administrator should pay the amount of the estate to domiciliary administratrix appointed in Colorado. Walter J. Russell appealed to Washtenaw circuit court. Affirmed. Walter J. Russell appeals. Affirmed.

*Williams & Damon (Francis L. Williams,* of counsel), for Walter J. Russell.

*Douglas K. Reading,* for Marjorie A. Sylvia.

*Devine & Devine,* for Owen R. Anderson.

*Thompson & Bishop,* for Ann Arbor Trust Company.

Quinn, J. The receiver appeals from a judgment of the circuit court which authorized and directed the ancillary administrator of the estate of Dora E. Barnholt, deceased, to transmit to the domiciliary administratrix of said estate all of the residue of the ancillary administration assets, which consisted of cash. In effect, this judgment affirmed a similar order of the probate court, from which the receiver appealed to the circuit court.

At oral argument, counsel for the receiver conceded that an order to transmit Michigan ancillary administration assets to the domiciliary administratrix is a discretionary order, perhaps because such is the law. (*In re Stevens' Estate* [1912], 171 Mich 486). We hold that such an order is discretionary.

"The rule is universal that the action of the trial court, as to matters within its judicial discretion will not be disturbed unless there is a clear abuse thereof." *Attorney General* v. *Union Guardian Trust Company* (1938), 285 Mich 308, 316.

The trial court found that the record before it did not establish that creditors of the domiciliary estate, administration expenses, and estate taxes for that estate were fully paid, and the trial court held it would place an undue burden on the probate court to require it to make such determinations, which would have to be made if distribution of the ancillary assets was made other than to the domiciliary administratrix. The record supports such findings and demonstrates sound exercise of discretion rather than abuse thereof.

Affirmed, with costs to appellees.

McGregor, P. J., and Levin, J., concurred.